OPINION
{¶ 1} Donald Young was sentenced to an agreed upon eight years of imprisonment after pleading guilty to two counts of second degree burglary (eight years on each count) and one count of fifth degree felony breaking and entering (one year). The three sentences were made concurrent with each other.
 {¶ 2} On appeal, Young assigns error as follows:
 {¶ 3} "1. Appellant's plea was not knowingly and voluntarily obtained and, thus, was erroneously entered by the trial court."
 {¶ 4} Under this assignment, Young first quotes case law dealing with the impropriety of a trial judge's active participation in plea negotiations. He then concedes the record discloses no such participation. Remarkably, he then states:
 {¶ 5} "However, the principle that a judge's active conduct could lead a defendant to believe he cannot get a fair trial is applicable and thus renders the present plea involuntary."
 {¶ 6} Young fails utterly to demonstrate "active conduct" by the trial judge that led him to believe he could not get a fair trial so as to render his guilty pleas involuntary.
 {¶ 7} Young next claims the trial court impermissibly joined three indictments for trial. The counts to which Young pleaded guilty were contained in three separate indictments. The State moved to consolidate the indictments for trial and the trial court sustained the motion over Young's objection:
 {¶ 8} "THE COURT: Defense wish to be heard as to the motion?
 {¶ 9} "MR. SOMMER (defense counsel): Yes, Your Honor. I would object to the joinder of the indictments. The fact patterns in those cases are not identical, and the hearing and some of the testimony of some of the charges by the jury might prejudice the jury as to the other charges. So I would object to the joinder.
 {¶ 10} "Thank you.
 {¶ 11} "THE COURT: I've reviewed these cases. The charges are pretty much along the same line, burglary, breaking and entering, possession of criminal tools, theft, the theft that took place as part of the one burglary and breaking and entering.
 {¶ 12} "The Court finds that they can be joined pursuant to Rule 8 and will order that they be joined for trial. The Court believes that the jury would not have any difficulty keeping the evidence as to one charge separated from the other charges and could make their decision based upon the evidence as pertains to each separate count in each separate case."
 {¶ 13} Crim.R. 13 allows the trial court to order two or more indictments to be tried together if the offenses could have been joined in a single indictment. Crim.R. 8(A) permits two or more offenses to be charged in the same indictment if they
 {¶ 14} "are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct."
 {¶ 15} It is apparent that the trial court concluded that Crim.R. 8(A) justified joinder of the indictments, which charged offenses which allegedly occurred within five days of each other. From this record, we cannot say that the trial court abused its discretion in so concluding. Furthermore, the trial court's ruling is consistent with controlling case law. See State v.Franklin (1991), 62 Ohio St.3d 118, 122. Finally, Young does not attempt to explain how joinder of the indictments rendered his guilty pleas involuntary.
 {¶ 16} Next, Young claims the trial court failed to adequately consider his "motion" for new counsel. On January 2, 2003, (not January 30 as asserted in Young's brief), Young wrote to the trial judge complaining that his current appointed counsel was "not working in my behalf" and requesting a new appointed counsel "unless a new deal . . . or a better deal" could be worked out so that trial could be avoided. On January 30 at 9:19 a.m., the trial court scheduled Young's request for hearing February 4. During the afternoon of January 30, Young entered his guilty pleas as described above.
 {¶ 17} In return for Young's guilty plea to one burglary count, a firearm specification was dropped; in return for Young's guilty plea to the other burglary charge, a fourth degree felony and a fifth degree felony were dropped; and in return for Young's plea of guilty to breaking and entering, a third degree felony and two fifth degree felonies were dropped. Young was sentenced immediately pursuant to the parties' agreement to an eight-year sentence.
 {¶ 18} During the plea proceeding, in response to the trial court's question, Young stated he was satisfied with his counsel's advice and representation. In our judgment, the trial court did not fail to give adequate consideration to Young's January 2 letter. The trial court was permitted to take Young at his word when he said he was satisfied with his counsel. Certainly the dismissal of the gun specification and five felony counts, and an agreed upon sentence, were some evidence of the "new . . . or . . . better deal" Young was seeking when he wrote his letter four weeks earlier. The trial court certainly would have acted within its discretion in concluding that Young was no longer dissatisfied with his counsel. There was no need to further inquire or ask Young if he withdrew his January 2 "motion." Again, no involuntariness in pleading guilty has been demonstrated.
 {¶ 19} This assignment of error is devoid of merit and is overruled.
 {¶ 20} "2. Appellant was denied a fair trial due to the ineffective assistance of trial counsel."
 {¶ 21} Young claims his counsel was ineffective in allowing him to plead guilty rather than no contest, thereby failing to preserve the joinder issue for appellate review.
 {¶ 22} Regardless of whether the joinder issue was properly preserved, Young has argued the joinder issue and we have considered it. Under these circumstances, Young cannot have been prejudiced by pleading guilty rather than no contest.
 {¶ 23} The assignment of error is overruled.
 {¶ 24} The judgment will be affirmed.
Judgment affirmed.
Grady and Young, JJ., concur.